James D. Ruchti (ISB # 6366)
RUCHTI & BECK LAW OFFICES
1950 East Clark Street, Suite 200
Pocatello, ID 83201
Telephone: (208) 478-5100
Facsimile: (208) 232-5100
Email: james@idaholaw.us

*Attorneys for Plaintiff-Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JIVARO PROFESSIONAL HEADHUNTERS, LLC,<br><br>Defendant.<br>_____<br>FELICIA M. BAUER<br>(f/k/a Felicia M. Heywood),<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>JIVARO PROFESSIONAL HEADHUNTERS LLC,<br><br>Defendant. | Civil No. 1:20-cv-00461-BLW<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff-Intervenor Felicia M. Bauer (f/k/a Felicia M. Heywood) ("Bauer"), by and through Ruchti & Beck Law Offices, for a cause of action against Defendant Jivaro Professional Headhunters LLC ("Defendant Jivaro"), complains and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action against Defendant Jivaro under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.*, for unlawful termination without reasonable accommodation (Title I) and retaliation (Title V). It is also an action against Defendant Jivaro under the Idaho Human Rights Act ("IHRA") for unlawful termination without reasonable accommodation (Idaho Code § 67-5909) and retaliation (Idaho Code § 67-5911).

## II. PARTIES, JURISDICTION AND VENUE

2. Bauer repleads and incorporates all of the foregoing allegations of this *Complaint and Demand for Jury Trial* as more fully set forth herein.

3. At all relevant times herein, Bauer is an individual and resides in Hailey, Blaine County, Idaho.

4. At all relevant times herein, Defendant Jivaro is an Idaho limited liability company licensed to do business in the State of Idaho, has continuously been doing business in the State of Idaho and has continuously had at least 15 employees.

5. The employment practices alleged to be unlawful were committed by Defendant Jivaro within the jurisdiction of the United States District Court for the District of Idaho and in Blaine County, Idaho.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the case involves a federal question under federal statute, to wit, the ADA.

7.      Venue is proper in the Southern Division of the District of Idaho by virtue of 28 U.S.C. § 1391.

## III. GENERAL ALLEGATIONS

8.      Bauer repleads and incorporates all of the foregoing allegations of this *Complaint and Demand for Jury Trial* as more fully set forth herein.

9.      Since at least October 16, 2018, Defendant Jivaro has engaged in unlawful employment practices in violation of Title I of the ADA and Idaho Code § 67-5909 of the IHRA by discriminating against Bauer based on her disability.

10.     On or about April 10, 2019 and November 12, 2019, Defendant Jivaro engaged in unlawful employment practices in violation of Title V of the ADA and Idaho Code § 67-5911 of the IHRA by retaliating against Bauer for engaging in protected activity.

11.     On or about April 2018, Bauer began working for Defendant Jivaro as a recruiter at its Hailey, Idaho location.

12.     On October 16, 2018, Defendant Jivaro discharged Bauer.

13.     Prior to and at the time of her employment termination, Bauer was a qualified individual with a disability and Defendant Jivaro was aware of her disability.

14.     Defendant Jivaro terminated Bauer's employment due to her disability.

15.     After Defendant Jivaro terminated Bauer's employment, Bauer filed charges of discrimination with the EEOC and the Idaho Human Rights Commission ("IHRC") on February 11, 2019 alleging she was unlawfully discharged without reasonable accommodation on the basis of her disability.

16. On or about April 10, 2019, Defendant Jivaro provided a negative job reference to a potential employer of Bauer's by providing false and misleading information about Bauer's employment history at Jivaro and the circumstances leading to her discharge.

17. Defendant Jivaro took this retaliatory action against Bauer because she had engaged in protected activity by filing charges of discrimination against Defendant Jivaro with the EEOC and the IHRC.

18. On July 31, 2019, the EEOC issued to Bauer and Defendant Jivaro a Letter of Determination in regard to Bauer's charge of employment discrimination finding reasonable cause to believe that Defendant Jivaro violated Title I of the ADA.

19. On November 12, 2019, Defendant Jivaro filed a lawsuit in Idaho state court against Bauer.

20. Defendant Jivaro's lawsuit alleged that Bauer had defamed Defendant Jivaro and breached her employment contract with Defendant Jivaro when Bauer filed an EEOC charge instead of complaining to Defendant Jivaro directly regarding the alleged discriminatory discharge.

21. Defendant Jivaro took this retaliatory action against Bauer because she had engaged in protected activity by filing charges of discrimination against Defendant Jivaro with the EEOC and the IHRC.

22. Defendant Jivaro discriminated against Bauer when it unlawfully terminated her employment without reasonable accommodation due to her disability and when it retaliated against her for engaging in protected activity by providing a

negative job reference to a potential employer and by filing a lawsuit against Bauer for filing a charge with the EEOC.

23. On December 12, 2019, Bauer filed a charge of discrimination with the EEOC and the IHRC for retaliation.

24. On April 10, 2020, the EEOC issued to Bauer and Defendant Jivaro a Letter of Determination in regard to Bauer's charge of retaliation finding reasonable cause to believe that Defendant Jivaro violated Title V of the ADA.

25. The effect of the practices complained of above has been to deprive Bauer of equal employment opportunities and otherwise adversely affect her status as an employee for having a disability and for participating in activity protected by the ADA and the IHRA, to wit, filing a charge of discrimination with the EEOC and the IHRC.

26. Defendant Jivaro's unlawful employment practices complained of above were done intentionally.

27. Defendant Jivaro's unlawful employment practices complained of above were done with malice or reckless indifference to Bauer's federally protected rights.

## IV. ADMINISTRATIVE PROCEDURES

28. Bauer repleads and incorporates all of the foregoing allegations of this *Complaint and Demand for Jury Trial* as more fully set forth herein.

29. Bauer filed charges of discrimination against Defendant Jivaro with the EEOC and the IHRC on February 11, 2019 alleging she was unlawfully discharged without reasonable accommodation on the basis of her disability.

30. On July 31, 2019, the EEOC issued to Bauer and Defendant Jivaro a Letter of Determination in regard to Bauer's charge of employment discrimination finding reasonable cause to believe Defendant Jivaro had violated Title I of the ADA and inviting Defendant Jivaro to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

31. On December 12, 2019, Bauer filed charges of discrimination against Defendant Jivaro with the EEOC and the IHRC for retaliation.

32. On April 10, 2020, the EEOC issued to Bauer and Defendant Jivaro a Letter of Determination in regard to Bauer's charge of retaliation finding reasonable cause to believe that Defendant Jivaro had violated Title V of the ADA and inviting Defendant Jivaro to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

33. The EEOC engaged in communications with Defendant Jivaro to provide Defendant Jivaro the opportunity to remedy the discriminatory practices described in the Letters of Determination.

34. The EEOC was unable to secure from Defendant Jivaro a conciliation agreement acceptable to the EEOC.

35. On September 4, 2020, the EEOC issued to Defendant Jivaro a Notice of Failure of Conciliation.

36. On September 30, 2020, the EEOC filed its Complaint against Defendant Jivaro for retaliation under the ADA.

37.     On January 11, 2021, the EEOC issued its Notice of Right to Sue to Bauer.

38.     On January 21, 2021, IHRC issued its Notice of Administrative Dismissal and Right to Sue to Bauer.

39.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## V. CAUSES OF ACTION

40.     Bauer repleads and incorporates all of the foregoing allegations of this *Complaint and Demand for Jury Trial* as more fully set forth herein.

### Count I – Unlawful Termination without Reasonable Accommodation Under Title I of the ADA

41.     At the time of her employment termination by Defendant Jivaro, Bauer had a mental or psychological disorder.

42.     At the time of her employment termination by Defendant Jivaro, Bauer had a record of a mental or psychological disorder.

43.     At the time of her employment termination by Defendant Jivaro, Defendant Jivaro was aware of Bauer's mental or psychological disorder.

44.     Bauer's mental or psychological disorder substantially limited one or more major life activities.

45.     At the time of her employment termination by Defendant Jivaro, Bauer could, with or without a reasonable accommodation, perform the essential functions of the employment position Defendant Jivaro employed her to perform.

46.     At the time of her employment termination by Defendant Jivaro, Bauer otherwise satisfied the requisite skill, experience, education, and other job-related

requirements of the employment position Defendant Jivaro employed her to perform.

47. At the time of her employment termination by Defendant Jivaro, Defendant Jivaro had received adequate notice of Bauer's mental or psychological disorder and her desire for a reasonable accommodation so she could continue to perform her job.

48. At the time of her employment termination by Defendant Jivaro, a reasonable accommodation was available to Defendant Jivaro that would have enabled Bauer to perform the essential functions of her job.

49. Defendant Jivaro discharged Bauer from its employment because of her mental or psychological disorder without providing a reasonable accommodation to her.

50. Defendant Jivaro discharged Bauer from its employment because of her record of her mental or psychological disorder.

51. Defendant Jivaro's actions described in Count I violated Title I of the ADA in that it unlawfully discharged Bauer without reasonable accommodation.

52. Defendant Jivaro's actions described in Count I caused Bauer damages, to include, but not limited to, the following: punitive damages; compensatory damages for future pecuniary losses; emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; back pay; interest on back pay; and front pay.

## Count II – Unlawful Termination without Reasonable Accommodation Under the IHRA

53. At the time of her employment termination by Defendant Jivaro, Bauer had a mental or psychological disorder.

54. At the time of her employment termination by Defendant Jivaro, Bauer had a record of a mental or psychological disorder.

55. At the time of her employment termination by Defendant Jivaro, Defendant Jivaro was aware of Bauer's mental or psychological disorder.

56. Bauer's mental or psychological disorder substantially limited one or more major life activities.

57. At the time of her employment termination by Defendant Jivaro, Bauer could, with or without a reasonable accommodation, perform the essential functions of the employment position Defendant Jivaro employed her to perform.

58. At the time of her employment termination by Defendant Jivaro, Bauer otherwise satisfied the requisite skill, experience, education, and other job-related requirements of the employment position Defendant Jivaro employed her to perform.

59. At the time of her employment termination by Defendant Jivaro, Defendant Jivaro had received adequate notice of Bauer's mental or psychological disorder and her desire for a reasonable accommodation so she could continue to perform her job.

60. At the time of her employment termination by Defendant Jivaro, a reasonable accommodation was available to Defendant Jivaro that would have enabled Bauer to perform the essential functions of her job.

61. Defendant Jivaro discharged Bauer from its employment because of her mental or psychological disorder without providing a reasonable accommodation to her.

62. Defendant Jivaro discharged Bauer from its employment because of her record of her mental or psychological disorder.

63. Defendant Jivaro's actions described in Count II violated the IHRA in that it unlawfully discharged Bauer without reasonable accommodation.

64. Defendant Jivaro's actions described in Count II caused Bauer damages, to include, but not limited to, the following: punitive damages; compensatory damages for future pecuniary losses; emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; back pay; interest on back pay; and front pay.

### Count III – Retaliation
### Under Title V of the ADA

65. Bauer filed claims of discrimination with the EEOC and the IHRC against Defendant Jivaro because Defendant Jivaro unlawfully terminated Bauer's employment without reasonable accommodation and because of her disability.

66. Filing claims of discrimination with the EEOC and the IHRC are protected activities under the ADA and the IHRA.

67. Because Bauer filed those claims with the EEOC and the IHRC, Defendant Jivaro retaliated against Bauer by providing a negative job reference to a potential employer of Bauer's by providing false and misleading information about Bauer's employment history at Jivaro and the circumstances leading to her discharge.

68. Because Bauer filed those claims with the EEOC and the IHRC, Defendant Jivaro retaliated against Bauer by filing a lawsuit in Idaho state court against Bauer for filing those claims.

69. Defendant Jivaro's actions described in Count III violated the ADA.

70. Defendant Jivaro's actions described in Count III caused Bauer damages, to include, but not limited to, the following: punitive damages; compensatory damages for future pecuniary losses; emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; back pay; interest on back pay; and front pay.

## Count IV – Retaliation
## Under the IHRA

71. Bauer filed claims of discrimination with the EEOC and the IHRC against Defendant Jivaro because Defendant Jivaro unlawfully terminated Bauer's employment without reasonable accommodation and because of her disability.

72. Filing claims of discrimination with the EEOC and the IHRC are protected activities under the ADA and the IHRA.

73. Because Bauer filed those claims with the EEOC and the IHRC, Defendant Jivaro retaliated against Bauer by providing a negative job reference to a potential employer of Bauer's by providing false and misleading information about Bauer's employment history at Jivaro and the circumstances leading to her discharge.

74. Because Bauer filed those claims with the EEOC and the IHRC, Defendant Jivaro retaliated against Bauer by filing a lawsuit in Idaho state court against Bauer for filing those claims.

75. Defendant Jivaro's actions described in Count IV violated the IHRA.

76. Defendant Jivaro's actions described in Count IV caused Bauer damages, to include, but not limited to, the following: punitive damages; compensatory damages for future pecuniary losses; emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; back pay; interest on back pay; and front pay.

## VI. ATTORNEY FEES, COSTS AND INTEREST

77. Bauer repleads and incorporates all of the foregoing allegations of this *Complaint and Demand for Jury Trial* as more fully set forth herein.

78. Bauer has been required to employ the services of attorneys and is entitled to recover reasonable attorney fees and legal costs pursuant to federal and Idaho law.

79. Bauer is entitled to pre-judgment interest on all items of fixed costs pursuant to federal law and Idaho Code § 28-22-104.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor Felicia M. Bauer prays for judgment against Defendant Jivaro as follows:

1. For punitive damages;
2. For compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;
3. For back pay, interest on back pay, and front pay;

4. For pre-judgment interest on all items of fixed costs pursuant to federal law and Idaho Code § 28-22-104;

5. For reasonable court costs and attorney fees under federal and Idaho law; and

6. For such other and further reasonable relief as the Court deems just, equitable and proper.

## REQUEST FOR JURY TRIAL

BAUER DEMANDS A TRIAL BY JURY ON ALL NON-EQUITABLE ISSUES.

DATED this 19th day of May, 2021.

RUCHTI & BECK LAW OFFICES


/s/ James D. Ruchti
JAMES D. RUCHTI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2021, I caused the foregoing to file electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael D. Pogue
Gravis Law, PLLC
P.O. Box 3020
Sun Valley, ID 83353
mpogue@gravislaw.com

Damien A. Lee
John Freeman Stanley
May R. Che
Roberta L. Steele
Teri L. Healy
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
damien.lee@eeoc.gov
john.stanley@eeoc.gov
may.che@eeoc.gov
roberta.steele@eeoc.gov
teri.healy@eeoc.gov

/s/ James D. Ruchti
JAMES D. RUCHTI