Michael D. Pogue, ISB  No. 6518
GRAVIS LAW, PLLC
P.O. Box 3020
Sun Valley, ID 83353
Tel. 208.290.9000
mpogue@gravislaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JIVARO PROFESSIONAL HEADHUNTERS, LLC,<br><br>　　　　Defendant. | Case 1:20-cv-00461-CWD<br><br>**ANSWER TO PLAINTIFF-INTERVENOR'S COMPLAINT** |
| FELICIA M. BAUER<br>(f/k/a Felicia M. Heywood),<br><br>　　　　Plaintiff-Intervenor,<br><br>v.<br>JIVARO PROFESSIONAL HEADHUNTERS LLC,<br><br>Defendant | |

Defendant JIVARO PROFESSIONAL HEADHUNTERS, LLC ("Jivaro"), by and through its attorney of record, hereby responds to Felicia M. Bauer's (f/k/a Felicia M. Heywood) ("Bauer") Complaint as set forth below.

The paragraph numbers below correspond to those paragraph-numbered allegations in Bauer's Complaint.

Unless otherwise specifically admitted, Jivaro denies the balance of Bauer's allegations and claims.

1. Admit.

2. No admission or denial is required.

3. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same.

4. Deny. The assets of Jivaro, Inc. were purchased by Defendant Jivaro Professional Headhunters, LLC on or around October 1, 2018. Defendant did not conduct business before this time. Prior to October 1, 2018 Bauer was employed by Jivaro, Inc.

5. Admit that Jivaro's purported actions took place within the jurisdiction of the United States District Court for the District of Idaho and in Blaine County, Idaho.

6. Admit.

7. Admit.

8. No admission or denial is required.

9. Deny.

10. Deny.

11. Deny. Ms. Bauer started work for Jivaro on October 1, 2018 (and only worked one day, seven (7) hours total).

12. Admit that Bauer was discharged because she failed to show up for work for two weeks. Bauer did not call, did not text and she did not email that she would be absent. Bauer had no communication with any employee of the company from October 2nd – October 17th, 2018. Bauer was terminated for not showing up to work and not communicating with the company. On October 17, 2018, Jivaro received a call from Bauer. She offered an apology for her lack of contact and admitted that she was nowhere near to being able to return to work. She was asked if she wanted to return to work given the opportunity, and Bauer responded "no." She said it was in her best interests not to return to work right now.

Jivaro's principal had previously made effort to see her in-person and discuss her employment, driving 2 hours each way from his home and spending two (2) nights in a hotel in an attempt to have a face to face meeting – Bauer declined.

13. With regard to the allegation that, "Prior to and at the time of her employment termination, Bauer was a qualified individual with a disability," Jivaro denies to the extent that when Bauer began work with Jivaro's predecessor in interest Bauer indicated in her insurance application that she did not have any disability. Jivaro denies that it was aware of any purported disability. Jivaro was in no position to make a judgement about whether she was a qualified person with a disability because she was only an employee for 1 day (7 hours total) and at no time was Jivaro made aware by Bauer that she had a "disability".

14. Deny. Bauer was terminated for not showing up to work and not communicating with the company. Bauer only showed up for work for one day and Jivaro was not aware of any "disability."

15. Admit that Bauer filed charges of discrimination with the EEOC and the Idaho Human Rights Commission and such documents speak for themselves.

16. Deny. Jivaro did not give a reference, it simply forwarded the termination letter.

17. Deny. Jivaro did not retaliate against Bauer by providing a negative job reference. Jivaro was contacted by the Ketchum Police Department (with whom Ms. Bauer had apparently applied for a job) in April 2019. Jivaro initially declined to provide any information to the Police Department. The Police Department impressed upon Jivaro (through its agent, Josh Bear) that Jivaro had a civic duty to disclose any employment information relating to Ms. Bauer and her potential employment in the high-pressure environment of a 911 call-center that could involve life or death situations. The Police Department provided Mr. Bear a release that Bauer signed to induce Mr. Bear to provide employment information. The release that Bauer signed, dated five months prior, November 28, 2018, states:

> I respectfully request and authorize you to furnish the Blaine County Sheriff's Office with any and all information that you may have concerning me, my employment, education records and my character. Please include any and all records, including all information of a confidential or privileged nature, and photocopies of same, if possible. Your cooperation in this reply will be used to assist the Sheriff's Office in determining my qualification and fitness for the position I am seeking with Blaine County Emergency Communications.
>
> ***I hereby release you, your organization and others from any liability or damage which may result from furnishing the information requested.*** (emphasis added)

Upon receipt of this release, Jivaro merely provided the Police Department the termination letter that Ms. Bauer received, which states:

> As it has now been 2 weeks since you have shown up for work or established contact with any member of the company or your team. We have made multiple attempts to contact you and I personally drove to Hailey in an attempt to meet with you. I was informed by your mother that you were not up for a meeting and would not be ready to deal with this for a while.

> At this time, I feel that a mutual separation is of best interest for both you and Jivaro. Accordingly, your employment with Jivaro is terminated, effective immediately.
>
> I appreciate your time with Jivaro and wish you nothing but the best moving forward.

Aside from receiving a release and permission from Ms. Bauer to provide this information, the above is the sum total of any purported "negative" job reference. Jivaro did not "[provide] false and misleading information about Bauer's employment history at Jivaro and the circumstances leading to her discharge" as alleged by Bauer.

Bauer is not clear as to whether simply providing the termination letter constitutes providing a "reference," but nothing else could be construed as a "reference" aside from the letter noted above.

18. Admit that the EEOC issued to Bauer and Jivaro a Letter of Determination and the document speaks for itself.

19. Admit. When Jivaro was contacted by the EEOC regarding the propriety of the lawsuit it wanted to make sure it was acting properly and not running afoul of any particular federal rule or regulation. Jivaro wrote the EEOC on November 20, 2019, "I would appreciate the opportunity to speak with you after you have had the opportunity to review the attached [State law Complaint]. Based on my review and research, Jivaro's declaratory relief action does not constitute unlawful "retaliation." Let me know a good time to reach you and I can give you a call. Thank you.". A letter was sent to the EEOC on November 20, 2019. The letter states in part:

> …
>
> In *Bill Johnson's Restaurants, Inc. v. N.L.R.B*, 461 U.S. 731 (1983), the Supreme Court held that the filing and prosecution of a well-founded lawsuit by an employer against an

employee may not be enjoined as an unfair labor practice, even if it would not have been commenced but for employer's desire to retaliate against employee for exercising protected rights.

. . .

In order to avoid unnecessary litigation and ensure that Jivaro is not running afoul of any federal laws, I would welcome the opportunity to review any authority that you have which supports the position that Jivaro's filing of the state court litigation violates 42 U.S.C.A. § 2000e-3 or constitutes improper witness intimidation.
. . .

Thank you for your attention to this matter. Please call me if you have any questions or would like to discuss this further.

The EEOC did not respond to this letter. Not receiving any response, follow-up communications were sent by Jivaro to the EEOC. For example:

- November 25, 2019: "Following-up on my letter attached. Thank you."

- November 30, 2019: "I've asked for further guidance on this situation. Can you please respond to Mike or myself and provide an answer to our now numerous inquiries. Happy belated Thanksgiving."

Jivaro did not received the courtesy of a response in any form.

On April 8, 2020, *prior* to receiving the retaliation Cause Determination letter from the EEOC dated April 10, 2020, Jivaro voluntarily dismissed the State Court action against Ms. Bauer.

Jivaro had previously communicated to Ms. Bauer's attorney that Jivaro was *not* requiring Ms. Bauer to Answer or otherwise respond to Jivaro's Complaint.

20. The lawsuit filed by Jivaro speaks for itself.

21. The lawsuit filed by Jivaro speaks for itself.

22. Deny. Bauer never requested any accommodation. At no point ever, during her the 1 day (7 hours) of work did she ever mention a disability. Indeed, Bauer rebuffed all

efforts to communicate with her failure to return to work.

23. Bauer filed a charge of discrimination with the EEOC and the Idaho Human Rights Commission and the documents of speak for themselves

24. The EEOC issued to Bauer and Jivaro a Letter of Determination and the documents speak for themselves.

25. Deny.

26. Deny. To the contrary, Jivaro took pains to confirm that it was not committing unlawful employment practices. For example, Jivaro contacted the EEOC on multiple occasions regarding its State lawsuit and ultimately dismissed the suit without receiving any response. Jivaro voluntarily conducted ADA training and classes on improper harassment and "bullying" for all of its employees in early December 2019 and communicated this information and supplied training materials to the EEOC on December 9, 2019, and December 10, 2019. A refresher course for Jivaro employees took place on or around November 23, 2020.

27. Deny. Jivaro did not engage in unlawful employment practices and certainly did not do so "with malice or reckless indifference."

28. No admission or denial is required.

29. Bauer filed a charge of discrimination with the EEOC and the Idaho Human Rights Commission and the documents speak for themselves. The question arises why Bauer listed Jivaro as a reference in November 2018 then waited four (4) months to file a claim in February 2019. She apparently felt she wasn't "discriminated against" at the time of her termination.

30. The EEOC issued to Bauer and Jivaro a Letter of Determination and the documents speak for themselves.

31. Bauer filed a charge of discrimination with the EEOC and the Idaho Human Rights Commission and the documents speak for themselves

32. The EEOC issued to Bauer and Jivaro a Letter of Determination and the documents speak for themselves.

33. Admit.  In addition, Jivaro took proactive steps at their own cost, including providing training on 12/08/2020 as well as 12/09/2019.

34. Admit.  Jivaro made numerous offers to resolve the situation, none of which were acceptable to the EEOC, and apparently Bauer.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same.

40. No admission or denial is required. Jivaro reiterates that Bauer never requested an accommodation or indicated she had a disability.

41. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never communicated to Jivaro that she had a mental or psychological disorder, and to this day Bauer has never articulated any mental or psychological order she suffers from.

42. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of

the allegation and therefore denies the same. Bauer never communicated to Jivaro that she had a mental or psychological disorder, and to this day Bauer has never articulated any mental or psychological order she suffers from..

43. Deny.

44. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never told or communicated to Jivaro that she had a mental or psychological disorder that substantially limited one or more major life activities.

45. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never told or communicated to Jivaro that she required accommodations.

46. Deny to the extent that Bauer was not suited to perform given her lack of communication with the company. Bauer worked for 1 day (7 hours total). Jivaro did not have the appropriate time to judge her ability to satisfy the requirements of the job, which was why Jivaro allowed her the opportunity to rejoin the company, which she declined (as documented).

47. Deny. Further, Bauer never told or communicated to Jivaro that she required accommodations or communicated that she had a disability or impairment. She did not show up for work for 2 weeks and never provided "adequate notice." Jivaro had no contact with her for a 14 day period and during the absence Bauer never communicated with Jivaro despite texts, calls and attempts to meet face to face. How can Bauer have given adequate notice if she did not respond to any form of communication from October 1, 2018 to October 17, 2018?

48. Deny to the extent that Bauer never requested any reasonable accommodations and Jivaro was not aware of any disability to "accommodate."

49. Deny. Bauer was discharged because she failed to show up for work for two weeks. Bauer did not call, did not text and she did not email that she would be absent. Bauer had no communication with any employee of the company from October 2nd – October 17th, 2018. Bauer was terminated for not showing up to work and not communicating with the company.

50. Deny. Bauer was discharged because she failed to show up for work for two weeks. Bauer did not call, did not text and she did not email that she would be absent. Bauer had no communication with any employee of the company from October 2nd – October 17th, 2018. Bauer was terminated for not showing up to work and not communicating with the company.

51. Deny.

52. Deny.

53. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never communicated to Jivaro that she had a mental or psychological disorder.

54. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never communicated to Jivaro that she had a mental or psychological disorder.

55. Deny.

56. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of

the allegation and therefore denies the same. Bauer never told or communicated to Jivaro that she had a mental or psychological disorder that substantially limited one or more major life activities.

57. Jivaro lacks information or knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the same. Bauer never told Jivaro that she required any accommodations or communicated any purported disability.

58. Deny to the extent that Bauer was not suited to perform given her lack of communication with the company.

59. Deny. Bauer never told or communicated to Jivaro that she had a disorder or required accommodations.

60. Deny. Bauer never told or communicated to Jivaro that she had a disorder or required accommodations.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Admit that Bauer filed claims with the EEOC and Idaho Human Rights Commission.

66. The allegation is a legal conclusion and Jivaro neither admits nor denies the same.

67. Deny.

68. Deny to the extent that the bases for the State court lawsuit are reflected in the Complaint.

69. Deny.

70. Deny.

71. Admit that Bauer filed claims with the EEOC and Idaho Human Rights Commission.

72. The allegation is a legal conclusion and Jivaro neither admits nor denies the same.

73. Deny.

74. Deny to the extent that the bases for the State court lawsuit are reflected in the Complaint.

75. Deny.

76. Deny.

77. No admission or denial is required.

78. Deny.

79. Deny.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state facts sufficient to constitute a cause of action.

2. Bauer has no clear legal right to the relief requested.

3. Any and all injury, damage, or loss, if any, was directly and proximately caused and contributed to by Ms. Bauer's own breach, negligence or fault.

4. Ms. Bauer failed to mitigate her damages.

5. Bauer is barred from maintaining this action because Jivaro's acts were justified.

6. The causes of action are barred by the doctrine of laches.

7. Bauer's alleged claims are barred by the doctrine of equitable estoppel

8. Bauer's alleged claims are barred by the doctrine of quasi-estoppel.

9. Bauer's alleged claims are barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

Wherefore, Jivaro prays for judgment as hereinafter set forth:

1. That Bauer take nothing by reason of the Complaint;

2. A judgment of dismissal be entered in favor of Jivaro;

3. That Jivaro have judgment for costs of suit incurred herein, including attorney's fees; and

4. For such other and further relief as this Court deems proper.


DATED:   July 6, 2021

                                                GRAVIS LAW, PLLC

                                                _____
                                                Michael D. Pogue
                                                Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the U.S. District Court for the District of Idaho using the Court's CM/ECF system. Participants in this action are registered CM/ECF users and service will be accomplished by the CM/ECF system.

_____
Michael D. Pogue