THE HONORABLE B. LYNN WINMILL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>and<br><br>FELICIA BAUER,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>JIVARO PROFESSIONAL HEADHUNTERS, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 1:20-cv-00461-BLW<br><br>**[PROPOSED] CONSENT DECREE** |

## I. INTRODUCTION

1. The events leading up to this action originated when Felicia Bauer ("Ms. Bauer") filed a charge of discrimination dated February 11, 2019 with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 551-2019-00686. Ms. Bauer alleged that Jivaro Professional Headhunters, LLC ("Defendant" or "Jivaro") discriminated against her based on her disability when Defendant did not accommodate her and discharged her on October 16, 2018.

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 1 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

2. On July 31, 2019, the EEOC issued a Letter of Determination regarding Charge No. 551-2019-00686 with a finding of reasonable cause to believe that Defendant violated the Americans with Disabilities Act of 1990, as amended (ADA), when Defendant did not reasonably accommodate Ms. Bauer and discharged her on October 16, 2018.

3. Thereafter, Ms. Bauer filed a second charge dated December 12, 2019 with the EEOC, No. 551-2020-00627. Ms. Bauer alleged that Jivaro retaliated against her for having filed Charge No. 551-2019-00686 with the EEOC, by providing a negative job reference to a potential employer that contained false and misleading information, and by filing a lawsuit against her for filing an EEOC charge.

4. On April 10, 2020, the EEOC issued a Letter of Determination for charge No. 551-2020-00627 finding reasonable cause to believe that Defendant retaliated against Ms. Bauer for having filed an EEOC charge and engaged in other post-employment retaliatory conduct including providing a negative job reference to a potential employer.

5. EEOC attempted to conciliate charge No. 551-2020-00627. However, conciliation efforts were not successful.

6. The Commission filed its Complaint based on Charge No. 551-2020-00627 on September 30, 2020, in the United States District Court for the District of Idaho. The EEOC's suit alleges that Defendant retaliated against Ms. Bauer for filing a charge of disability discrimination with the EEOC in violation of the ADA. The EEOC's Complaint sought monetary and non-monetary relief.

7. The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and EEOC Charge No. 551-2020-00627. The EEOC and Defendant enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in the ADA.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

## II. JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(b) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

9. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Idaho.

## III. SETTLEMENT SCOPE

10. This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in Ms. Bauer's EEOC Charge No. 551-2020-00627, in the EEOC's administrative determination, and in the EEOC's Complaint filed herein, including all claims by the EEOC and Defendant for attorney fees and costs.

11. This Consent Decree does not affect the EEOC's right to process any charges that may be pending before the agency that are not covered by this Decree or future charges that may be filed against Defendant or related entities and does not affect the EEOC's right to seek relief and/or commence civil actions on any such charges.

## IV. MONETARY RELIEF

12. Defendant shall pay Ms. Bauer the total amount of One-hundred Twenty-Five Dollars ($ 125,000.00) within ten (10) days of the date of entry of this Consent Decree. This payment shall include specific amounts for back pay and non-wage damages. Ms. Bauer shall provide Jivaro with an IRS form W-4 and IRS form W-9 within five (5) days of the entry of this

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 3 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Decree. Jivaro shall make payment by two checks – one check for wage damages in the amount of Seven Thousand dollars ($7,000.00) less applicable withholdings and taxes, and another check for non-wage damages, in the amount of One-hundred and Eighteen Thousand dollars ($118,000.00)

13. Payment must be made by delivering the following to Ms. Bauer c/o James Ruchti, Ms. Bauer's counsel, 1950 East Clark Street, Suite 200, Pocatello, Idaho 83201, by certified mail with proof of delivery. Defendant will issue an IRS form W-2 for the wage payment and an IRS form 1099-MISC for the payment of non-wage damages. Defendant shall simultaneously transmit copies fo the checks together with an accounting of the employee deductions and employer contributions made, and tracking information for delivery of the checks to EEOC via email at: SEFO_JIVARO@eeoc.gov and EEOC-SEFO_COMPLIANCE@eeoc.gov.

14. Defendant will not condition the receipt of monetary relief by requiring Ms. Bauer to: (a) maintain as confidential the facts and/or allegations underlying her charges, the EEOC's Complaint, and the terms of this Decree; (b) waive her statutory right to file a future charge with any government agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) refrain from reapplying for a job with Defendant.

15. If Defendant fails to make the payments described in paragraphs, 12 and 13, above, then Defendant agrees to pay interest on its defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) of the Internal Revenue Code until the same is paid, and to bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this Decree in federal court.

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 4 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

## V. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

16. Defendant, including its owners, officers, agents, managers, supervisors, and human resource staff, and its successors and assigns, are enjoined from engaging in practices that retaliate against any person with a disability who engages in protected EEO activity. In recognition of its obligations under the ADA, Defendant shall institute the policies and practices set forth below.

17. Defendant will provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in Ms. Bauer's charges, the EEOC's Complaint, and the existence and contents of this Consent Decree.

ADA Practices Consultant

18. Within thirty (30) days of entry date of this Consent Decree, Defendant shall retain an independent consultant ("Consultant") with expertise in the ADA, retaliation for engaging in protected EEO activity, and related employment policies and practices to assist Defendant in the review, development, and promulgation of policies, practices and training consistent with the requirements of this Consent Decree. Defendant shall provide materials related to the Consultant's qualifications, experience and expertise, to the EEOC for review and comment. Within fifteen (15) days of receipt, the EEOC will advise the Defendant of any comments. The Defendant shall review the comments and act in good faith in response to those comments. The Defendant shall bear all costs of retaining the Consultant for the duration of the Consultant's duties as the Consent Decree provides. The Consultant will have access to all

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 5 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

records, documents, data and other sources of information, which the Consultant deems necessary or appropriate to the performance of the Consultant's duties.

B. <u>Anti-Discrimination Policies and Procedures</u>

19. Defendant shall, with the assistance of the Consultant, develop and implement anti-discrimination policies, procedures and training for all owners, agents, managers, supervisors, human resources/employee relations staff and all employees. As described in this section.

20. Within ninety (90) days from the date of entry of this Decree and for its duration, Defendant shall develop implement anti-discrimination policies and procedures that prohibit discrimination and retaliation and explain to employees their rights and responsibilities under the EEO laws. The policies will state that they are promulgated at the direction of and with the endorsement by the highest level of Defendant's management. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments.

21. Defendant's anti-discrimination policies shall contain specific provisions relating to the ADA, as amended, with special emphasis on the ADA's reasonable accommodation obligations and retaliation prohibition. The disability discrimination section of the policies will provide a definition of disability discrimination and must include statements that: (1) employees will be evaluated on their actual ability to perform the job and will not be evaluated based on fears, myths, and/or stereotypes about their disability and (2) retaliation against persons who engage in protected EEO activity, which includes but is not limited to filing a complaint of disability discrimination or requesting an accommodation, is strictly prohibited. Defendant's disability discrimination policy will also include, at a minimum, an express description

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 6 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

of (1) what constitutes prohibited discrimination under the ADA; (2) the steps an applicant or employee should take to request an accommodation; (3) how its owners, agents, managers, supervisors, and human resources/employee relationspersonnel must respond to requests for reasonable accommodation or when they are aware that a reasonable accommodation may be necessary; (4) its duty to engage in the interactive process with a applicant or employee with a disability who expresses a need for reasonable accommodation or for whom constructive notice of reasonable accommodation is given; (4) how an applicant or employee may request a reasonable accommodation; (5) its obligation to educate its owners, agents, managers, supervisors, and human resources/employee relations personnel about how to respond to such requests, including what factors will be considered in approving or denying the request for accommodation and the time frame for approval, and (6) establish a process for employees to appeal Defendant's rejection of their requests for accommodation. The internal appeal process must allow the applicant or employee to have the opportunity to explain the reasons why they believe that Defendant's conclusion was incorrect.

22. Not later than ninety (90) days after the entry of this Consent Decree, Defendant shall distribute a written copy of its anti-discrimination policies to all its employees both management and non-management. These policies will also be distributed to every employee hired or re-hired during the duration of this Decree with 15 days of starting employment. In addition, Defendant shall state the following on all application materials, including paper and online versions, highlighted in bold text no smaller than 12-point font: "Discrimination in all forms, including based on disability, is unacceptable at Jivaro, and Jivaro is committed to a workplace free from discrimination and retaliation. Jivaro encourages applicants or employees who believe that they were subjected to discrimination or retaliation to contact Jivaro's human resources by

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 7 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

phone at [number], or email at [email], or mail at [mailing address]. All applicant complaints shall be addressed promptly, and Defendant shall respond to the applicant within five (5) business days of receipt."

C. Policies Designed to Promote Accountability

23. Within ninety (90) days from the date of entry of this Decree and for its duration, Defendant shall adopt and implement policies and procedures that specifically advise all owners, agents, managers, supervisors, and human resources/employee relations personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including the ADA, and the prohibition against retaliation. Defendant shall impose discipline, up to and including termination of employment, upon any supervisor, manager, agent, or human resources/employee relations personnel, who it determines has discriminated against any applicant and/or employee on the basis of disability or retaliated against an applicant and/or employee for engaging in protected EEO activity.

24. In conducting performance reviews, Defendant shall include EEO enforcement and compliance, including with the ADA, as standards for agents, managers, supervisors, and human resources/employee relations personnel.

D. Policy Modifications.

25. If Defendant modifies any of the policies or procedures identified in paragraphs 16-24, it shall submit to the EEOC for its review and consideration the policies and procedures no later than thirty (30) days before adoption. Within fifteen (15) days of receipt, the EEOC will review the proposed modifications and advise Defendant of any comments.

E. Training

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 8 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

26. As set forth below in paragraphs 27-29, Defendant shall provide, at its own cost, separate EEO trainings at each of its facilities, for all owners, managers, agents, supervisors, human resources/employee relations personnel and all non-management employees which specifically covers the ADA, reasonable accommodations in the workplace and the prohibition of retaliation against any individual for engaging in protected EEO activity. Defendant will provide reasonable accommodations as necessary for any attendees with a disability.

27. Not later than one-hundred-twenty (120) days after entry of this Consent Decree, and thereafter annually, Defendant shall provide an in person, interactive EEO training session to all Defendant's owners, agents, management personnel, supervisors, and human resources/employee relations personnel at all of its facilities. The annual anti-discrimination trainings shall be no less than three (3) hours in duration, and include, at a minimum, an overview of the ADA with special emphasis on employee rights and responsibilities in requesting a reasonable accommodation, employer obligations in responding to requests for reasonable accommodation, the interactive process, the employer's ongoing obligation to ensure the effectiveness of reasonable accommodations, if granted, the employee's right to appeal if they believe the employer's decision was incorrect, and the prohibition against retaliation against any employee who exercises their rights under the ADA. The trainings shall be aimed at helping attendees understand how to define and identify disability discrimination and retaliation, and the steps Defendant will take to review each request for a reasonable accommodation.

28. Defendant shall provide the training outlined in paragraph 27 to all newly promoted managers, supervisors, and human resources/employee relations personnel before they will be permitted to respond to any complaint of discrimination or harassment or take part in the decision making of whether to grant or deny a reasonable accommodation request.

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 9 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

29. Not later than one-hundred-twenty (120) days after entry of this Consent Decree, and thereafter annually, Defendant shall provide an in person, interactive EEO training seminar to all its employees at all of its facilities.  These annual anti-discrimination trainings for employees shall be no less than two (2) hours in duration, and include, at a minimum, an overview of the ADA with special emphasis on Defendant's EEO policies relating to the ADA, including making requests for reasonable accommodation; how those requests will be processed; the employer's obligation to engage in the interactive process; how to appeal denials of requests for reasonable accommodation and Defendant's process to reconsider Defendant's decisions related to reasonable accommodation; the definition of and Defendant's policy on disability discrimination; Defendant's complaint and investigation procedures and contact information for reporting disability discrimination; bystander intervention techniques when employees witness discrimination occurring; that retaliation against an employee or applicant who engages in protected EEO activity, which includes but is not limited to requesting an accommodation or filing a complaint, is prohibited; that employees can file discrimination and retaliation complaints both internally and externally with the EEOC; and contact information for EEOC as a resource for ADA-related inquiries and to report discrimination.  In addition, Defendant thereafter shall provide this training to new hires within thirty (30) days of the employee's hire date.

30. The trainings described in paragraphs 27-29 shall be developed and conducted by a third party with established experience conducting anti-discrimination and anti-retaliation training with an emphasis on the ADA.  Defendant shall submit the name of the trainer, the curriculum vitae for the trainer, and all training materials to the EEOC for review and

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 10 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

comment no later than ninety (90) days prior to holding the first training sessions. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments.

31. If Defendant modifies the EEO trainings identified in paragraphs 27-29 during the duration of the Decree, Defendant shall submit to the EEOC for its review and comment the proposed modifications no later than thirty (30) days before adoption. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments.

32. For the duration of this Consent Decree, Defendant shall notify the EEOC of the completion of the annual training sessions and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the semi-annual reports Defendant submits to the EEOC.

F. <u>Non-Disclosure of Information</u>

33. Defendant shall ensure that no charge or allegation of discrimination against Defendant, and no reference to this lawsuit against Defendant, are included in Ms. Bauer's personnel file. Defendant shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information from potential employers about Ms. Bauer. When fielding inquiries about Ms. Bauer, Defendant shall, consistent with its usual practice, provide a neutral job reference consisting only of employment dates and position held.

G. <u>Posting</u>

34. Defendant shall post a Notice to All Employees within fourteen (14) days of entry of this Consent Decree. This Notice is attached as Exhibit A to this Consent Decree. The Notice shall be conspicuously posted on bulletin board at all Defendant's facilities for the duration of the Consent Decree.

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 11 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

### H. Reporting

35. Defendant shall report to the EEOC for a period of five (5) years. The reporting period will run from the date of the entry of this Consent Decree. The reports shall be in writing and submitted on a semi-annual basis beginning six (6) months after the entry of this Decree and continuing during the three-year reporting period. These semi-annual reports shall contain the following information and attachments:

    a.    Certification that Defendant has:

        i.    Continued to maintain its written ADA policy and procedures and distributed copies of its ADA policy as described in Section VI C;

        ii.    Complied with the Notice Posting requirement in Section VI H;

        iii.    Complied with the training provisions enumerated in this Consent Decree, as provided in Section VI F, and provided a list of all attendees, with job titles, for each training completed;

        iv.    Continued to promote accountability for compliance with the ADA as required by Section [C]; and

        v.    Complied with all other provisions of this Consent Decree.

    b.    Copies of the following documents shall be included with each semi-annual report:

        i.    A list of all training attendees, with job titles, for each training completed;

        ii.    Defendants' current ADA policy, procedures, and documentation maintained in accordance with the provisions of this Consent Decree and a list of any changes, modifications or revisions, if any, to these policies;

            1.    A summary of requests for accommodation, internal formal or informal complaints from applicants or employees who have identified themselves as disabled, or any internal formal or informal complaints from applicants or employees who complain about retaliation. The report should identify the applicant or employee, and include a description of the accommodation sought, any alternative accommodations offered, the accommodation, if any, that the Defendant provided, an explanation of the reason for

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 12 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

denying a request, and, for complaints, a summary of the complaint, the actions taken by the Defendant and the resolution of each complaint. The report shall also contain the home address, home and cell phone numbers, and personal e-mail addresses for all requesters and complainants.

36. During the pendency of this Consent Decree, Defendant shall make available human resource official, or other appropriate personnel, for audits made upon request by EEOC to determine compliance with this Consent Decree. EEOC shall provide notice of audit subject matter not later than five (5) business days in advance but, at a minimum, the audit shall include whether Defendant has terminated any individual because of disability and whether Defendant has received any complaints about failure to accommodate disability, discrimination against individuals based on disability, or retaliation. Any requested audit will be conducted at a mutually agreeable time and place.

VI. ENFORCEMENT

37. If the EEOC determines that Defendant has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least forty-five days (45) days after providing written notification of the alleged breach. The EEOC and Defendant shall utilize the 45-day period to engage in good-faith efforts to resolve the dispute.

VII. RETENTION OF JURISDICTION

38. The United States District Court for the District of Idaho shall dismiss the lawsuit with prejudice and retain jurisdiction over this matter for the duration of this Consent Decree, for enforcement purposes.

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 13 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

39. This Consent Decree shall be in effect for five (5) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendant to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

Dated this 26th day of May, 2022.

BY: *Roberta Steele*

ROBERTA L. STEELE
Regional Attorney

DAMIEN A. LEE
Supervisory Trial Attorney

TERI L. HEALY
Senior Trial Attorney

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street, N.E.
Washington, D.C. 20507

Attorneys for Plaintiff Equal Employment Opportunity Commission

BY: *Michael Pogue*

Michael D. Pogue, ISB No. 6518
GARVIS LAW, PPLC
P.O. Box 3020
Sun Valley, ID 83353
Tel: (208) 290-9000
Email: mpogue@gravislaw.com

Attorneys for Defendant Jivaro Professional Headhunters, LLC

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 14 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

# [PROPOSED] **ORDER APPROVING CONSENT DECREE**

The Court, having considered the foregoing stipulated agreement of the parties, HEREBY ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this ___ day of _____, 2022.

_____
**B. Lynn Winmill**
CHIEF UNITED STATES DISTRICT JUDGE

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 15 of 16

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing **"[PROPOSED] CONSENT DECREE"** with the Clerk of the court using the CM/ECF system which will send notification of such filing to all counsel of record including:

    *s/ Rebecca Eaton*
    Lead Paralegal Specialist, EEOC

EEOC v. Jivaro Professional Headhunters, LLC
1:20-cv-00461-BLW
[PROPOSED] CONSENT DECREE
Page 16 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882